Hill vs. Callahan *et al.*

---

HILL *vs.* CALLAHAN *et al.*

82 109
f107 136
f108 197

82 109
115 1018

82 109
119 261

82 109
125 370
e125 371

1. The court did not err in confining plaintiff, by the charge, to the acts of negligence alleged in her declaration. *Central Railroad vs. Harris*, 76 *Ga.* 501, distinguished.

2. The code, §2972, has somewhat modified the rule of the common law, and declares that, in a suit by an employé against his employer for injuries received while in the service, the defendant is not relieved, although the plaintiff in some way contributed to the injury sustained. While it is the better practice, in such cases, for the court to instruct the jury upon contributory negligence, a new trial will not be granted because he does not do so, when the plaintiff seeks to recover the full damages in the court below, and makes no request of the court below to give this principle in charge; and when the declaration alleged that the plaintiff's husband was not in fault, and that position was never abandoned or

modified during the trial; and when the court, upon finishing his charge, called upon counsel specially and inquired if anything had been [omitted from the charge, or if they desired any other principle given, and counsel for the plaintiff replied that he was satisfied, or words to that effect.

February 11, 1889.

Charge of court. Pleadings. Negligence. Contributory negligence. Practice. Before Judge MADDOX. Floyd superior court. March term, 1888.

Reported in the decision.

WRIGHT, MEYERHARDT & WRIGHT, for plaintiff.)

DABNEY & FOUCHÉ, for defendants.

SIMMONS, Justice.

Anna Hill brought her action for damages against Daniel Callahan and T. B. Redmond; wherein she alleged that, on the 23d of December, 1886, the defendants were engaged in building a railroad, and as contractors and builders thereof had entire charge of the work and the employment of laborers, and of the manner of conducting the work; that they had employed Charles Hill, her husband, to work on said railroad as a laborer; that on the 23d of December, the defendants ordered him to go to a fire near by and thaw out a quantity of dynamite; that very near the fire " a box of dynamite caps had been placed, by order of the defendants or their agents and employés; and said caps had been placed in a reckless and negligent manner so near the fire that there was great danger of their being thrown into the fire, or otherwise exploded; that in a short time after her husband had reached the fire for the purpose of thawing out said blasting material, notice was given that a blast was about to take place;

whereupon one Ledbetter, aged about fifteen years, and one of the employés of the defendants, rushed by the fire where her said husband was standing, and caused said dynamite caps, which had been so negligently and recklessly placed near the fire by the defendants and their agents and employés, to fall into the fire, causing an instantaneous explosion, and thereby, without any fault whatever on the part of her said husband, and on account solely and entirely of the negligence, recklessness and criminal carelessness of said defendant in having said dynamite caps placed so near the fire, her said husband was wounded and killed."

On the trial of the case, the jury, under the charge of the court, returned a verdict for the defendants. The plaintiff made a motion for a new trial on the several grounds set out therein, which was overruled by the court, and she excepted. The 4th and 5th grounds of the motion for a new trial will show the *gravamen* of the complaint of the plaintiff in error. The other grounds are similar to these, the same ideas being embraced in the instructions of the court complained of therein, and the same exceptions being made thereto. The 4th and 5th grounds are as follows:

" 4th. Because the court erred in charging as follows: 'It is incumbent on the plaintiff to show that deceased was without fault upon his part. You will look to the evidence in this case to see whether he was at fault in any way. If you should find he was at fault, that would defeat the recovery of the plaintiff.' The court did not correctly state the rule of law. Even if deceased was slightly at fault, plaintiff might recover."

"5th. Because the court erred in charging the jury as follows: 'Negligence is a question for you alone. You will look and see whether they (the dynamite caps) were placed there by order of Callahan or Red-

mond, or their agents whom they had in charge of these explosives. If they were not placed there by Redmond or Callahan, or their agents whom they had in charge of these explosives, these defendants would not be responsible for this accident.' "

1. We will notice the fifth ground first. The exception to the instruction set out in this ground is, that it was error because the court " should have further charged that if the caps negligently left the possession of the contractors or their employés in any way, it would have been negligence on their part, whether the caps were placed there by their order or not, it being their duty to see that the caps were safely kept." The rule of pleading is that the plaintiff should plainly, fully and distinctly set forth his cause of action. It will be seen, by reference to the declaration in this case above set out, that the plaintiff fully complied with this rule. The acts of negligence which she alleged in her declaration, and on which she relied for recovery, were the placing by the defendants, either by themselves or their agents or employés, of these dynamite caps so near the fire as to be dangerous. This is repeated time and again in the declaration. These were the acts of negligence which she called upon the defendants to answer. Upon these alone she sought to recover. No amendment was made by her during the progress of the trial alleging any other acts of negligence. We therefore do not think that the court erred in confining her in his charge to the acts she alleged in her declaration. The pleadings in the case are the contentions of the parties. They make the issues upon which evidence is to be admitted, and on which the court is to instruct the jury. By them the parties must stand or fall. If the court submits only these issues to the jury in his charge, it is not error, and the parties have no right to complain. If during the

progress of the trial the plaintiff sees that his evidence does not prove the charges of negligence made in his declaration, it is his right to amend the declaration to meet his evidence, provided he does not allege a new cause of action. If the plaintiff in this case did not rely upon the acts of negligence charged in her declaration, but upon the fact that these dynamite caps were composed of a dangerous chemical which it was the duty of the defendants to keep in a safe place, and that it was their duty not to allow them to be lying around loose in the camp, she should have so alleged in her declaration ; and then the court would have been authorized and required to instruct the jury upon that feature of the case. But no allegation of this sort was made, either in the original declaration or by amendment thereto ; and we do not think the court erred in confining his charge to the allegations of negligence made by the plaintiff.

The case of *R. R. vs. Harris*, 76 *Ga.* 501, relied upon by plaintiff in error, was a case where the defendant pleaded not guilty as to the acts of negligence charged in the declaration, and under this plea gave in evidence facts which showed that the plaintiff's husband was killed on account of his own negligence in jumping from the train. This evidence was admitted under the plea, and the court failed to charge the jury upon its effect ; and this court ruled that the judge should have given the law upon this subject, whether requested or not ; or, in other words, that it was the duty of the court to give the whole law in charge that was applicable to the case under the pleadings and the evidence. Plaintiffs should be confined in the trial to the case made by their pleadings, and defendants likewise, when they are required by law to plead specially. The making of one case in

the pleadings, and another and different case by the evidence, ought not to be tolerated.

2. The rule of law laid down in the charge complained of in the fourth ground, we understand to be correct as a general rule. It is certainly true, under the common law, that an employé cannot recover for injuries received by him while in the service of his employer unless he is without fault. Our code, §2972, has somewhat modified that rule in this State. It declares that the defendant is not relieved, although the plaintiff may have in some way contributed to the injury sustained. While we think it is the better practice, in cases of this sort, for the court to instruct the jury upon contributory negligence, yet we have held that we would not reverse the court below for not giving this principle in charge when the plaintiff sought to recover the full damage in the court below, and made no request of the court to give this principle in charge to the jury. *Pierce vs. Atlanta Cotton Mills,* 79 *Ga.* 782. Besides, the declaration alleged that Hill was not in fault. The plaintiff took that position and never abandoned or modified it during the trial, but insisted on it to the last.

In this case, when the court had finished its charge to the jury, the judge called upon counsel specially, and inquired if he had omitted anything in his charge, or if they desired any other principle given in charge, and counsel for the plaintiff replied that he was satisfied, or words to that effect.

Judgment affirmed.