## INGRAM v. HILTON & DODGE LUMBER COMPANY.

1. Testimony offered for the purpose of proving an accord and satisfaction is inadmissible in behalf of a defendant whose answer does not set up a defense to which such testimony would be applicable.

2. Declarations made by the plaintiff in an action for personal injuries, tending to show the extent of those injuries and also having a bearing upon the amount of his compensation therefor, are admissible for the defendant.

3. A written memorandum made by a witness, in reference to a conversation between himself and another, is not admissible as original evidence.

4. "Subjection to control and direction by the same general master in the same common object," and not the fact that employees are paid by the same general master, is the test of fellow-service.

5. In a case so requiring, the distinction between the negligence of a competent servant and the unskillfulness of an incompetent servant should be clearly pointed out to the jury.

6. A plaintiff who alleges that he was without fault, who sues for and seeks to recover full damages, and who does not request a charge upon the law of contributory negligence and apportionment of damages, has no just cause to complain of an instruction that it was incumbent upon him to show that he was free from fault.

Submitted May 17, — Decided July 21, 1899.

Action for damages. Before Judge Sweat. Glynn superior court. December 29, 1898.

*Owens Johnson* and *D. W. Krauss*, for plaintiff.
*Goodyear, Kay & Brantley*, for defendant.

LUMPKIN, P. J. This was an action by William H. Ingram against the Hilton & Dodge Lumber Company, for damages resulting from personal injuries sustained by him on two distinct occasions, to wit, on August 20, 1894, and on September 16, 1895. The main charge of negligence made by the petition against the defendant was, that it carelessly and knowingly employed and retained in its service inexperienced, incompetent, and unskillful workmen in and about the business in which the plaintiff was engaged as an employee of the company. The petition further alleged that the plaintiff was wholly free from negligence, and that his injuries were occasioned because of the unskillfulness and incompetency of these workmen. A verdict was returned in favor of the defendant, and plaintiff's motion for a new trial, to the overruling of which

he excepted, presents for decision the questions below discussed.

1. It is alleged that error was committed in admitting in evidence the testimony of one Foster, as to an alleged accord and satisfaction between the plaintiff and the defendant with reference to the first injury complained of in his petition. The defendant's answer did not set up the defense of accord and satisfaction. We are therefore clearly of the opinion that the testimony objected to was irrelevant and ought to have been excluded.

2. The court, over the plaintiff's objection, allowed one Dodge to testify to certain statements made to him by the plaintiff while the latter was confined by sickness resulting from the injuries received in August, 1894. These statements were to the effect that the plaintiff said he would be able to go to work on the first day of the following November, and would be satisfied if the expenses of his illness were paid up to the time he was able to resume work. We think this evidence was admissible, as it had some bearing upon the extent of the plaintiff's injuries and the amount of compensation to which he was entitled, in case the defendant was found liable.

3. In one ground of the motion for a new trial it is alleged that the court erred in allowing a written memorandum made by the witness Foster, in reference to a conversation between himself and the plaintiff, to be introduced in evidence. This memorandum was clearly inadmissible for any purpose. It did not purport to have been signed by the plaintiff, and was in no way binding upon him. It might have been proper enough to allow Foster to refer to this paper for the purpose of refreshing his memory, if need be, but it had no value whatever as original evidence.

4. The court, among other things, charged the jury that "where a number of employees of a common master, or employer, are engaged in a common enterprise and are paid by a common master, or employer, that then, regardless as to the department in the enterprise under which they are employed and may be engaged in rendering service, that they are co-employees." This charge is excepted to on the ground that it

"is not a correct statement of the law as to what constitutes one a fellow-servant of another." We think the exception is well taken. In Wood's Master & Servant, §435, the author lays down the following rule for determining who are fellow-servants: "The true test of fellow-service is community in that which is the test of service, which is subjection to control and direction by the same general master in the same common object; but unless they are subject to the same *general control,* the fact that they are engaged in the same common pursuit does not render them coservants. *It is subjection to the same general control, coupled with an engagement in the common pursuit, that affords the test,* and unless'the two elements concur there can be no common service, which disentitles an employee under the control of one master from recovering for injuries received through the negligence of a servant under the control of another master." This rule has been adopted as sound by this court. *Ellington* v. *Beaver Dam Co.,* 93 *Ga.* 57. It will thus be seen that the test of fellow-service is not, as stated by the trial court, whether or not employees are *paid* by the same common master, but whether or not they are alike subject to direction and control by him or by one whom he appoints to stand in his place.

5. The court further charged as follows: "If the injury happened to the plaintiff from any act or conduct on the part of these other servants or employees, which was simply the result of negligence on their part, then the plaintiff would not be entitled to recover. That would be the negligence of coëmployees and for which he would not be entitled to recover. In order to entitle him to recover at all, in that connection the court charges you that in respect to either of these alleged injuries, under the allegations as made in the original and amended petition in this case, you must not only be satisfied that the defendant company was guilty of negligence, either itself or through its agent or representative, in the employment and keeping in its employ of incompetent and unskillful servants, but that the happening of the injury to the plaintiff was the result, not of any negligence on the part of other servants or employees, but was the result, while they were in the

discharge of the duty to which they had been assigned, of a want of competency and skillfulness on their part." His honor was evidently endeavoring to apply the principles now embraced in section 2611 and 2612 of Civil Code, in so far as they relate to the selection by a master of incompetent servants. It will be seen, however, that this charge does not distinctly bring out the idea which the language of these sections was intended to convey. While a servant is not ordinarily entitled to damages resulting from injuries caused by the mere negligence of a competent fellow-servant, he is entitled to damages occasioned by the carelessness or negligence of an incompetent and unskillful fellow-servant, if such carelessness or negligence were solely due to or arose from the latter's incompetency or unskillfulness, and if in employing him or retaining him in his service the master failed to exercise ordinary care, and the injured servant did not know, and had not equal means of knowing, or could not by the exercise of such care on his part have ascertained, the fact that his fellow-servant was incompetent and therefore likely to perform his duties in an unskillful and negligent manner. In other words, the liability of the master arises because of his omission of duty to provide the injured employee with a competent fellow-servant, not because the negligence of the latter is in law imputable to the master. The distinction above indicated was not clearly pointed out by his honor, though it is evident that he had the same in mind.

6. The only remaining ground of the motion for a new trial alleging error on the part of the presiding judge is that he charged as follows: "The burden of proof rests upon the party injured and bringing his action for damages, not only to show that the defendant has been guilty of negligence as alleged, but that he himself was free from fault." It is insisted that this charge was erroneous, because "it was not necessary, in order to entitle the plaintiff to recover, that he should have shown himself entirely free from fault." Whether this charge was, or was not, proper in the present case, the plaintiff, under the rulings of this court in *Pierce* v. *Atlanta Cotton Mills*, 79 *Ga.* 782, and *Hill* v. *Callahan*, 82 *Ga.* 109, has no right to complain

thereof. His action was for $20,000. He distinctly alleged that he was himself free from fault; and he prayed for a recovery of all damages that could possibly be awarded to him under the facts set forth in his petition, viz., for the actual damages sustained, for those resulting from physical pain and suffering and from mental anguish, and also for punitive damages. There is not a line in his petition that indicates any purpose to seek merely partial damages. Nor was there any request to charge upon the law of contributory negligence. In view of these facts, the decisions in the cases last above cited are direct authority for holding that the charge last quoted would not be cause for a new trial.

*Judgment reversed. All the Justices concurring.*