GLAZE, by next friend, *v.* JOSEPHINE MILLS.

CANDLER, J. 1. The plaintiff in the court below alleged that her injuries were received "without any fault on her part." She sought to recover full damages, and did not request a charge upon the law of contributory negligence and apportionment of damages. It was accordingly not error requiring the grant of a new trial for the court to charge the jury that if they believed that the plaintiff's injuries were caused by the defendant's negligence as alleged, she would be entitled to recover, "provided that the plaintiff's negligence did not contribute to the injury." *Pierce* v. *Atlanta Cotton Mills*, 79 *Ga.* 782; *Hill* v. *Callahan*, 82 *Ga.* 109; *Ingram* v. *Hilton & Dodge Lumber Co.*, 108 *Ga.* 197 (6). Especially is this true where it appears that elsewhere in his charge the judge correctly instructed the jury as to the degree of diligence required of one situated as the plaintiff claimed to have been at the time she was injured.

2. The other charges complained of were correct in the abstract; and there being no complaint in the motion for a new trial that any of them were not adjusted to the facts of the case, no reason is pointed out why the giving of them affords cause for granting a new trial. *Central. Ry. Co.* v. *Goodson*, 118 *Ga.* 833; *Binion* v. *Ga. So. & Fla. Ry. Co.*, 118 *Ga.* 282.

3. The evidence warranted a finding for the defendant; and it was not error to overrule the plaintiff's motion for a new trial, based on the general grounds that the verdict was contrary to law and the evidence.

*Judgment affirmed. All the Justices concur.*

Argued November 19, — Decided December 14, 1903.

Action for damages. Before Judge Irwin. City court of Polk county. January 13, 1903.

*Griffith & Weatherly, Beall & Edwards,* and *Sanders & Davis,* for plaintiff. *Bunn & Trawick,* for defendant.