## TUCKER v. CENTRAL OF GEORGIA RAILWAY CO.

1. Where a witness was sought to be impeached because of contradictory statements previously made by him as to a vital issue in the case, it is not cause for a new trial that the judge did not qualify his instructions to the jury on the subject by informing them that a witness might be impeached by proof of such contradictory statements only as related to matters relevant to his testimony and to the case on trial.   The charge complained of was not calculated to operate to the prejudice of the excepting party.   .

2. A plaintiff suing to recover damages for personal injuries must prevail, if at all, by proving the specific acts of negligence with which the defendant is charged.

3. Whether or not the injury complained of was attributable solely to unnecessary haste on the part of the plaintiff in alighting from the defendant's train was a question which the court properly submitted to the jury for determination.

4. The court did not, in charging upon the controlling issue in the case, deprive the plaintiff of the benefit of any contention made by the pleadings and supported by evidence.

5. A correct charge is not to be characterized as erroneous simply because of an omission by the court to charge in the same connection an additional pertinent legal proposition.

6. Where a plaintiff alleges that an injury was sustained by him through no fault of his own, but was caused wholly by the negligence of the defend-

ant, the trial court is not bound, in the absence of an appropriate request by the plaintiff, to charge the jury as to the law of contributory negligence and apportionment of damages.

7. An assignment of error on the refusal to give a written request to charge can not be considered when the trial judge certifies that he covered the request in his instructions to the jury, and the charge of the court is not specified as a part of the record to be transmitted to this court.

Argued February 11, — Decided March 7, 1905.

Action for damages.    Before Judge Daley.    Screven superior court.    June 22, 1904.

*H. S. White, H. A. Boykin,* and *J. W. Overstreet,* for plaintiff, *Lawton & Cunningham, H. W. Johnson,* and *E. K. Overstreet.* for defendant.

Evans, J. This was an action for damages, brought by Mrs. Francis Tucker against the Central of Georgia Railway Company, she alleging she had received personal injuries while attempting to alight from a train at one of the company's stations. The acts of negligence with which she charged the company were, (1) that the conductor, before giving her a reasonable opportunity to alight, gave a signal for the train to go ahead, and it was moving at the time she attempted to get off; (2) that in placing a stool on the ground for the purpose of enabling passengers to disembark, as it was the duty of the conductor to do, he negligently placed the stool partially under the steps of the car, so that when she stepped on the stool, it turned over and caused her to fall; . (3) that he did not attempt to catch her to keep her from falling; (4) that the company was negligent in not having prepared a proper place for passengers to alight at that station, the distance from the car steps to the ground being such that they were required to take a long step from the car steps to the stool; and (5) that the conductor was negligent in not assisting her to alight in safety, as under the circumstances he should have done. The plaintiff alleged that she made all possible haste in endeavoring to leave the company's train as soon as it stopped at the station; that she relied on the conductor to properly perform his duty in placing the stool opposite the car steps, and that she had neither time nor opportunity to observe that he had carelessly placed it partly under the steps of the car until she was in the act of alighting. The company filed an answer in which it made

a general denial of the allegations upon which the plaintiff relied for a recovery. The case was tried on its merits, and resulted in a verdict for the defendant. Mrs. Tucker makes complaint that the court below erred in refusing to grant her a new trial. The evidence adduced was conflicting, and authorized a finding in favor of the company. On the argument here, counsel for the plaintiff contended merely that the verdict was not demanded, and that the judgment should be reversed for alleged error committed by the trial judge in not correctly submitting the issues of fact to the jury.

1. One of the witnesses for the plaintiff testified he was present on the occasion when she was injured while alighting from the train, saw her fall, and observed that the stool had been placed partially under the steps of the car. The witness admitted having talked with the company's station agent about the matter, on the Wednesday or Thursday preceding the trial, but said he did not remember having told the agent he did not see Mrs. Tucker fall, though he did say he was going to swear to the truth. The company undertook to discredit this witness by introducing its station agent, who testified that the witness had told him, on the preceding Wednesday or Thursday, that he did not see Mrs. Tucker fall on the day she claims to have been hurt. A charge on the law as to impeachment of witnesses was therefore proper. In charging the jury on this subject, the court told them that a witness might be " impeached by proof of contradictory statements," and it was for them to say whether or not any witness sworn on the trial of the case had been successfully impeached, and, if so, " then it would be [their] duty to disregard the testimony of that witness unless he [had] been restored to [their] confidence by competent evidence introduced in the trial of the case." One of the criticisms made on this charge is that a witness may be impeached by proof of contradictory statements previously made by him only "as to matters relevant to his testimony and to the case then on trial." This is true; but the omission to so qualify the charge does not call for a new trial, for the reason that the only matter as to which the plaintiff's witness was sought to be impeached was one which was vitally material, the testimony being directly conflicting as to whether Mrs. Tucker had alighted from the train absolutely without mishap, or had fallen as

claimed. *Holston* v. *Railway Co.*, 116 *Ga.* 660-661. The charge is further assailed on the ground that the "true rule of law is that where a witness is successfully impeached, his testimony should be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence," and it "is for the jury to determine the credit to be given his testimony where impeached for general bad character or contradictory statements out of court." The instruction given was more favorable to the plaintiff than the rule stated, her witness being the only one sought to be impeached, and the jury being told that though he might be successfully impeached, still he could be restored to their confidence "by competent evidence introduced in the trial." This left the jury free to give him credit if they believed the testimony of the plaintiff herself or that of any other witness who testified to having seen her fall while alighting from the train.

2. It is insisted that the court committed error in failing to charge that when the employees of a railway company attempt to assist a passenger in alighting from its cars, it is incumbent upon them to render proper assistance, and a failure on their part to do so would be negligence. A plaintiff must recover, if at all, upon the allegations of negligence pleaded. In the petition filed in the present case, and subsequently amended, there was no suggestion that any employee of the company was negligent in rendering improper assistance to the plaintiff. Indeed she alleged that the conductor was negligent in failing to offer her any assistance at all or to catch her when she fell. Nor would the evidence have warranted an amendment setting up as as a ground of negligence any act of the company's employees in attempting to assist the plaintiff in alighting.

3. The court charged the jury that should they find "the plaintiff left the car hurriedly, and that there was no necessity for her to hurry, and the fall was attributable solely to a misstep which she made in her hurry," then the company would not be liable. Complaint is made that this charge is not warranted by the evidence, it not appearing that she "hurried at all in leaving the car or stepping therefrom." The charge was, we think, eminently proper. The plaintiff herself swore that she followed the conductor out of the car and promptly attempted to alight as soon as he placed the stool on the ground, and was in the act

of stepping upon it before she discovered it had been placed partly under the car steps.  There was, moreover, testimony offered in behalf of the company to the effect that other passengers, among them ladies, preceded the plaintiff and alighted in safety, the stool having been placed in its proper position opposite the steps of the car, and not having been overturned until she stepped upon the edge of it.

4. Another charge upon which error is assigned was as follows: "If you find that the stool was placed in the usual place, and that the train stopped sufficiently long for the plaintiff to alight in safety, and she nevertheless fell in alighting, the defendant would not be liable."  The plaintiff contends that this charge excluded from the consideration of the jury other acts of negligence of which she complained, (1) the negligence of the employees in not assisting her to alight, and (2) their failure to render proper assistance after attempting to assist her.  As already stated, she had no right to recover on the theory that the company's servants caused her to fall by their negligence while attempting to assist her.  And she failed to show that the circumstances were such that it was the duty of the company to render her assistance. Ordinarily no such duty rests upon a carrier.  *Southern Ry. Co.* v. *Reeves*, 116 *Ga.* 743.  Not relatively to a female passenger, even, unless the company has notice that she has some infirmity. *Southern Ry. Co.* v. *Hobbs*, 118 *Ga.* 227.  Mrs. Tucker was, according to her testimony, an exceeding healthy and robust woman prior to and on the day of her journey; and there was no evidence upon which the jury would have been warranted in basing a finding that the means provided by the company for alighting at her destination were not adequate and safe unless female passengers were rendered assistance by its employees.  In fact the only charge of negligence which the testimony introduced by her tended to establish was that the stool had not been placed by the conductor in its customary position opposite the car steps, but had been carelessly so placed that it was partly under the steps and therefore did not present a sufficient surface for securing a firm foothold.  The court left the jury to determine whether the stool was placed in the usual place, relatively to the car steps, or, as claimed by the plaintiff, partially under them.  The charge is criticised "because it assumes . . that the usual place where the

stool was placed was the proper place, which might or might not be true." There was no dispute or difference of opinion as to the position in which the stool ought to have been placed, nor was there any contention that the position in which the conductor testified he usually placed the stool was not its proper place; so that the real question for the jury to determine was whether the stool was put in its usual place opposite the car steps, or in an unusual place, viz., partly under the steps.

5. The court charged the jury that the law enjoined upon the plaintiff the exercise of ordinary care, and that even though the defendant company might have been to some extent negligent, yet if she could by the exercise of ordinary care have avoided injury, she could not recover; "but in other cases, the defendant is not relieved although the plaintiff may in some way have contributed to the injury sustained." Error is assigned upon this portion of the charge, not on the ground that the court incorrectly stated the law, but because the court should have gone further and instructed the jury when it became incumbent on the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence, and that if the injury was the result of the fault of both, and could not have been avoided by the exercise of ordinary care on her part, the damages should be apportioned. "A correct charge is not to be characterized as incorrect simply because of an omission to also charge in the same connection an additional pertinent legal proposition. *Roberts* v. *State*, 114 *Ga.* 450, 453, and cases cited. Where a trial judge omits to charge something which he should, his omission to so charge should be excepted to, and not a correct instruction which he actually gave." *Holston* v. *Railway Co.*, 116 *Ga.* 660.

6. Complaint is made that the court failed to charge fully and explicitly the doctrine of contributory negligence, and to tell the jury that if the plaintiff was less at fault than the railway company, she might recover, but the damages should be diminished in proportion to the negligence attributable to her. In her petition the plaintiff stressed her contention that the injury was received wholly on account of the negligence of the defendant, "and on account of no negligence whatever of hers." This being so, and no request having been made to charge on the subject of contributory negligence and apportionment of damages, the failure of the judge

to do so of his own motion is not cause for a new trial, the jury evidently having found that the defendant was not negligent in placing the stool and that the injury to the plaintiff was caused either by her own carelessness or was the result of pure accident. See *Glaze* v. *Mills*, 119 *Ga.* 261, and cases cited.

7. The only remaining special assignment of error presented by the motion for a new trial is that the court declined a written request to give a charge to the effect that a carrier of passengers is bound to exercise extraordinary diligence, and the duty to do so begins upon receiving its passengers and endures during the keeping, carrying, and discharging of them from its trains. In approving the recitals of fact set forth in this ground of the motion, the trial judge certifies that he did charge the jury as to this proposition of law, though not in the precise language of the written request. "This being so, and the charge of the court not being before us, not having been specified as a material part of the record to be transmitted to this court, we must," following the practice pursued in *Freeman* v. *Mencken*, 115 *Ga.* 1020, and in the case therein cited, "assume that the request to charge was sufficiently covered by other instructions given to the jury as to the matter to which it related." Upon the party alleging the commission of error rests the burden of making the error affirmatively appear.      *Judgment affirmed. All the Justices concur.*