## SOUTHERN COTTON OIL COMPANY *v.* SKIPPER.

1. Whether a person could or could not have known a fact is a matter for the determination of the jury from the circumstances disclosed by the evidence, and not for the expression of an opinion by a witness. *Mayor and Council of Milledgeville* v. *Wood*, 114 *Ga.* 370.

2. A master is bound to exercise ordinary care in furnishing machinery *reasonably* safe for all employees who operate it with ordinary care and skill. If there are latent defects in machinery, or dangers incident to the employment, unknown to the servant, of which the master knows or ought to know, he must give the servant warning in respect thereto. A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from negligence of the master in failing to comply with the duties thus imposed, it must appear that the master knew or ought to have known of the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known of it. Civil Code, §§ 2611, 2612.

3. If the trial judge fully and correctly charges the law in regard to a particular issue, it will not furnish any ground of reversal that he did not charge on that subject in the language of the written requests made by counsel.

4. It was not error to refuse to charge that if a machine was defective but an employee undertook to operate it in a manner in which it was not intended by the master to be operated, and by reason of the manner in which plaintiff undertook to operate it he was injured, he could not recover. This seeks to make the intention of the master as to the manner of operating a machine controlling on the employee, without regard to the knowledge or diligence of the latter.

5. An employee who has the choice of two ways of doing a given piece of work, the one safe and the other dangerous, is under a duty to his employer to select the former; and if, instead of so doing, he voluntarily selects the latter, when he knows or ought in the exercise of due care on his part to know of the danger, he can not recover of the employer for injuries thus sustained. *Central Ry. Co.* v. *Mosely*, 112 *Ga.* 914; *Matthews* v. *Raleigh R. Co.*, 111 *Ga.* 711.

6. The request to charge on this subject only partially stated the rule, omitting the element of knowledge or negligence on the part of the employee.

7. Where there was no issue in the case involving the duty of the master to exercise ordinary care in the selection of servants and not to retain them after knowledge of incompetency, the court should not have charged on that subject. The charge should not include issues not in the case.

8. As a general rule it is error for a court to charge the jury, in effect, that certain specified facts would constitute negligence. The cases where certain acts constitute negligence per se, under the operation of a statute or valid ordinance, are exceptions. *Mayor* v. *Wood*, 114 *Ga.* 370; *Atlanta R. Co.* v. *Hudson*, 123 *Ga.* 108.

9. Language used in an opinion of the Supreme Court in discussing the facts of a case is not always appropriate for use by a trial judge in charging a jury. *Atlanta R. Co.* v. *Hudson*, supra; *Macon R. Co.* v. *Vining*, 123 *Ga.* 770.

10. Where a declaration seeking to recover damages for a personal injury alleged, that by reason thereof the plaintiff "has been disfigured for life, and has been injured permanently, has entirely lost his left foot and part of his left leg," that his earning capacity has been reduced three fourths; that "besides all these great injuries petitioner has suffered terrible bodily pains and excruciating mental anguish by reason of the injury complained of;" and that "by reason of these injuries petitioner has been damaged to the amount of $10,000;" and where evidence was introduced as to the loss of the limb and the suffering resulting therefrom, continuing at the time of the trial, a charge as to future pain and suffering was not erroneous on the ground that the petition did not claim damages for such future pain and suffering. *Atlanta R. Co.* v. *Jacobs*, 88 *Ga.* 647.

11. Where by reason of an injury the plaintiff lost his leg, and more than two years thereafter, at the trial, testified that he had suffered great pain, and still suffered, there was sufficient evidence to authorize a charge as to future pain and suffering. *Macon Ry. Co.* v. *Streyer*, 123 *Ga.* 279; *O'Neill Mfg. Co.* v. *Pruitt*, 110 *Ga.* 579; *Southern Ry. Co.* v. *Clariday*, 124 *Ga.* 958.

24

12. In *Hill* v. *Callahan*, 82 *Ga.* 113, following in part the decision in *Pierce* v. *Atlanta Cotton Mills*, 79 *Ga.* 782, it was held, that in a suit by an employee for injuries received by him while in the service of his employer, where the evidence authorizes it, the better practice is to instruct the jury *as to the law of this State which does not prevent a recovery by an employee for injury arising from the negligence of the master, although the employee may have in some way contributed to the injury sustained, and in regard to the reduction of the recovery which might otherwise be had in proportion to his negligence, if it be not such as to prevent a recovery;* yet that a reversal would not result from a failure to so charge, when the plaintiff sought to recover full damages and alleged that he was without fault, and no request was made to charge on the subject of reducing damages. See also *Ingram* v. *Hilton & Dodge Lumber Co.*, 108 *Ga.* 194; *Glaze* v. *Josephine Mills*, 119 *Ga.* 261.

13. The charge of the court on the subject of impeaching witnesses referred to only one method of impeachment, when the evidence tended to show impeachment both by contradictory statements and by general character. It was, moreover, fragmentary and confusing.

14. Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. Civil Code, § 3905.

15. In an action for a personal injury of a permanent character, where the plaintiff is entitled to recover full damages, one element, if sued for and if the evidence authorizes it, is a fair and reasonable compensation for the loss of what he would otherwise have earned in his trade or profession.

16. As to the element of damages which includes pain and suffering, a reasonable sum is recoverable, to be determined by the jury.

17. The mere statement on the part of the plaintiff, as a witness, that he wanted to be a contractor, was inadmissible.

Argued February 22,—Decided May 14, 1906.

Action for damages. Before Judge Burch. City court of Dublin. February 13, 1905.

Skipper brought an action against the Southern Cotton Oil Company to recover damages for a personal injury. A verdict for $2,500 was rendered in his favor. The defendant moved for a new trial, which was refused, and it excepted.

*N. E. & W. A. Harris* and *Griner & Adams,* for plaintiff in error. *K. J. Hawkins, M. H. Blackshear,* and *R. D. Flynt,* contra.

LUMPKIN, J. (After stating the foregoing facts.) In one respect this case brings to mind the words of Juvenal: "Rara avis in terris, nigroque simillima cygno." Its quality of rarity consists in the fact that counsel for both sides concur in the opinion that the trial judge erred in giving to the jury a particular charge, and that a new trial should be granted. In this unusually harmonious view

we concur with them.   Thus is furnished the spectacle (more rare indeed than a black swan) of a court of last resort being able to render a judgment which, as to one point at least, meets the concurrent views of counsel for both litigants.   At this point, however, the harmony ends; and there are numerous subjects of disagreement. ·

The headnotes cover the substantial questions in the case, and do not require elaboration.   The other matters which are presented in the motion for new trial are of such a character that they are not likely to again arise, and therefore do not require specific consideration.   The writer deems it proper to say that he has never been able to approve a part of what was said in *Pierce* v. *Atlanta Cotton Mills,* 79 *Ga.* 782, which has been to some extent followed since.   If the common-law rule with reference to master and servant has been modified by the Civil Code, §3850, as was held to be the case in *Hill* v. *Callahan,* 82 *Ga.* 113, it is not easy to see why that section does not become an integral part of the law of such a case.   It declares, that "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover.   But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained."   To hold that this applies to a suit by a servant against a master on account of negligence of the latter, but that it need not be given in charge unless requested, seems to be out of harmony with the current of other cases.   It is not generally held that in actions for personal injury the plaintiff, by alleging that he was without fault, stakes his entire right to recover any amount upon that allegation, and that he must admit in his declaration that he was somewhat at fault before he can obtain the benefit of the right to recover diminished damages. It has usually been thought that the greater includes the less, and that if a plaintiff seeks to prove that he was entirely faultless, yet the jury believe from the evidence that he is somewhat at fault, but that his negligence is not such as to prevent a recovery, a verdict may be rendered in his favor, but the amount of it would be diminished according to the extent of his negligence.   The decision in the *Pierce* case would seem to have the result of applying the section of the code referred to differently, according as the plaintiff might be an injured servant or another.   Besides, the various limitations

stated in the decision in the *Pierce* case (79 *Ga.* 784) practically make the ruling applicable to that case alone, or one exactly like it. Thus it says that "where the declaration alleges that the plaintiff was without fault, and she did not claim damages for contributory negligence in the court below nor in this court, it is a rule that there can be no dispute about that, if a party complaining of an injury of this kind, not an injury caused by a railroad company, could have avoided the injury, or if the party by his own negligence contributed to the injury, no recovery can be had for full damages. . . So we think there is no error in that charge, inasmuch as the plaintiff claimed full damages, and did not insist before us that she was entitled to damages if she contributed to the injury, and did not rely on section 2972." (Civil Code, §3830).

Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. If a plaintiff is entitled to recover full damages on account of a personal injury of a permanent character, one element of such damage, if the evidence authorizes it, is a fair and reasonable compensation for the loss of what he would have otherwise earned in his trade or profession. To recover for loss of probable future earnings, the plaintiff must furnish some basis in the evidence. The mortality and annuity tables are often introduced, along with evidence as to age and decreased capacity to earn money, in cases of permanent injury; but there is no absolute rule which requires the jury to be bound by such tables. *Florida Central R. Co.* v. *Burney,* 98 *Ga.* 1. Indeed some courts of high authority have gone so far as to approve charges submitting generally to the jury the question of what would be a fair and reasonable compensation for such loss, taking into consideration what, under the evidence, the plaintiff's income would probably have been, how long it would have lasted, and all the contingencies to which it was liable. Vicksburg R. Co. *v.* Putnam, 118 U. S. 545; Phillips *v.* Southwestern Ry. Co., L. R. 4 Q. B. Div. 406; Wood's Mayne on Damages, §627; Thompson on Trials, §2077; Field on Damages, §615.

As to what amount should be awarded for pain and suffering, the law prescribes no exact mode of computation, but declares that it must be reasonable, and the jury should apply an enlightened and impartial conscience to its determination.

*Judgment reversed.    All the Justices concur.*