LOUISVILLE & NASHVILLE RAILROAD CO. *et al. v.* McGARITY.

ATKINSON, J. 1. The rule that if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover, is applicable to a case in which, although the negligence of the defendant may not have been actually discovered by the plaintiff, yet it was discoverable by him by the exercise of ordinary care. *Central of Georgia R. Co.* v. *Altaway,* 90 *Ga.* 661 (16 S. E. 956); *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802); *Williams* v. *Southern R. Co.,* 126 *Ga.* 710 (55 S. E. 948). Accordingly, it was not erroneous to charge: "On the other hand I charge you, if the company's servants in charge of the train going into the passing track could have, in the exercise of ordinary care, discovered as they approached said freight-car that the same was in a position to be struck by the engine, in time to stop the engine and prevent striking the car, the company can't recover, even though the freight-car was placed where it could be hit by a passing train. If this be the truth of the case, you should find for the defendant."

2. After charging as indicated by the preceding note, it was not cause for a new trial, in the absence of appropriate request, that the judge did not in connection therewith further give in charge to the jury the latter half of Civil Code, § 2781, which is as follows: "If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him." *Ingram* v. *Hilton & Dodge Lumber Co.,* 108 *Ga.* 194 (6), 197 (33 S. E. 961); *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421 (60 S. E. 1056); *Glaze* v. *Josephine Mills,* 119 *Ga.* 261 (46 S. E. 99); *Godwin* v. *A. C. L. R. Co.,* 120 *Ga.* 747 (3), (48 S. E. 139); *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (12), 370 (54 S. E. 110); *Branch* v. *Bishop,* 135 *Ga.* 110 (2), 111 (68 S. E. 1021).

3. Other grounds of the motion for new trial complain that the verdict was contrary to the charge of the court and the evidence, etc. These

are merely elaborations of the general grounds, which complain that the verdict was contrary to law, and without evidence to support it, etc. Upon a careful consideration it appears that there was sufficient evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 14, 1913.

Action for damages. Before Judge Brand. Walton superior court. January 18, 1912.

The Louisville & Nashville Railroad Company and the Atlantic Coast Line Railroad Company, as lessees of the Georgia Railroad & Banking Company, operating the railroad of the latter, instituted an action for damages against R. S. McGarity. The damages sought to be recovered were based on an alleged injury to a locomotive engine while drawing a freight-train, on the railroad track. The injury resulted from a collision with a freight-car standing on a side-track. The side-track was at a station on the railroad at which there was no agent, but was a place where the plaintiffs were accustomed to deliver freight in car-load lots to consignees of goods, by placing the cars on side-tracks constructed for the purpose, and allowing the consignees to take the goods directly from the cars. The main line of the railroad ran east and west. Immediately south of the main line was a side-track connected with the main line by means of switches at each end, which was used as a "passing track" for the accommodation of trains when meeting or passing each other. Immediately south of the "passing track," and connected to it by means of switches at each end, was a side-track used for the purpose of delivery of freight in car-load lots, as above indicated. The defendant was accustomed to receive freight in car-load lots delivered on the side-track last above mentioned. A car consigned to a firm of which defendant was a member was left on the track by the plaintiffs in such position as not to obstruct the way of any train passing on the "passing track." After being so placed, the defendant moved the car eastwardly along the track to a convenient place for unloading. But when it was thus placed it was too near the eastern switch, and the corner of the car was left protruding in such manner as to extend over the line along which cars would move while on the "passing track," thus to a slight extent obstructing the latter track. While the car was in this position, the plaintiffs' train going west turned from the main line into the switch on the "passing track" to enable an east-bound train

to pass it, and was moving westward along the latter track when a collision occurred, due to the fact that the freight-car obstructed the way. The plaintiffs sued for full damages, alleging that without authority or permission from them, but unlawfully and unknown to them, defendant wilfully moved the freight-car from its position of safety and placed it where it was necessarily an obstruction to engines and trains passing on the track next north of it; and also that the engineer and other members of the train crew in charge of the engine which was injured did not know that the freight-car had been placed where it would obstruct the passage of the train, nor could they or any of them, in the exercise of ordinary care, discover as they approached the freight-car that it was in a position to be struck by the engine. The injury was in the daytime, and the view of the tracks in the direction in which the engine was running was unobstructed, except that there was a slight curve in the switch-track to the left. The contention of the defendant was that he moved the car where it was necessary to be moved in order to unload it, which was done by permission of the plaintiffs in pursuance of a custom of many years standing, and was in good faith, without knowing that the corner of the car when so placed by him protruded so far as to obstruct the movement of cars which might go along the "passing track." In this connection it was alleged, and evidence was introduced in support of the allegations, that formerly the railroad had erected "clearance posts" at the switch of this side-track for the purpose of indicating how far a car should be from the switch to avoid obstructing the "passing track." It was also set up, both in the pleadings and evidence, that the crew of the train had knowledge of the manner in which cars were handled at this place, and that they had reason to apprehend the danger, and could have avoided the injury by the exercise of ordinary care. On the trial a verdict was rendered in favor of the defendant. The plaintiffs made a motion for new trial, which was refused, and error was assigned.

*Joseph B. & Bryan Cumming* and *Hal G. Nowell,* for plaintiffs.
*Napier & Cox,* for defendant.