8495.  BRINSON RAILWAY COMPANY *v.* GREEN.

</div>

GEORGE, J. 1. The amendment to the petition did not introduce a new cause of action, but simply amplified and explained more in detail the circumstances under which the plaintiff was injured. It was properly allowed.

2. The petition as originally drawn charged the railway company with negligence in retaining in its employ an incompetent and unskilful servant as fireman; and this court ruled that the original petition set forth a cause of action. *Green* v. *Brinson Railway Co.,* 16 *Ga. App.* 639 (85 S. E. 931). By amendment the allegation to the effect that the company was negligent in retaining in its employ an incompetent and unskilful fireman was expressly withdrawn. Upon the trial the court charged the jury as follows: "It was the duty of the Brinson Railway (the defendant) to furnish Mr. Green (the plaintiff) with coemployees, colaborers, coworkmen that were reasonably skilled in the work they were expected to do, and that were reliable and dependable in the places in which they were put." *Held,* that this charge was error requiring a reversal. *Tift* v. *Jones,* 77 *Ga.* 181 (7) (3 S. E. 399); *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (7) (54 S. E. 110).

3. In a suit by an employee against a railway company for a personal injury. caused by the running of a locomotive and the concurrent negligence of a coemployee, it is error for the court to give in charge to the jury the provisions of section 2780 of Civil Code (1910), to the effect that when the injury is shown, a presumption of negligence arises against the company; and such an error is not cured by subsequently giving, in effect, the correct rule, where the erroneous instruction is not again referred to and withdrawn, or specifically modified. *Wrightsville & Tennille Railroad Co.* v. *Tompkins,* 9 *Ga. App.* 154 (70 S. E. 955); *Atkinson* v. *Swords,* 11 *Ga. App.* 167 (3) (74 S. E. 1093), and cases cited.

4. The further assignments of error are without substantial merit.

<div align="center">

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED JUNE 27, 1917.

</div>

Action for damages; from city court of Waynesboro—Judge W. H. Davis. January 6, 1917.

*Hitch & Denmark, H. J. Fullbright,* for plaintiff in error.

*I. S. Peebles Jr., Brinson & Hatcher,* contra.