### 18028.   JUHAN *v.* ROBERTS.

BELL, J.   1. Where the plaintiff in an action for negligence seeks to recover the full amount of his damage, without any deduction because of contributory negligence on his part, and where the jury find generally in

Motor Vehicles, 42 C. J. p. 1277, n. 34; p. 1279, n. 69.

New Trial, 29 Cyc. p. 791, n. 15.

Trial, 38 Cyc. p. 1598, n. 22; p. 1657, n. 53; p. 1661, n. 66; p. 1707, n. 98.

favor of the defendant, it is not cause for a new trial, on motion of the plaintiff, that the court failed, without request, to instruct the jury upon the law in regard to comparative negligence. This is true although an issue of comparative negligence may have been involved under the evidence, and although the defendant may have filed a cross-action denying all negligence by himself and claiming damages of the plaintiff because of alleged negligence of the latter in the same transaction. *Pierce* v. *Atlanta Cotton Mills*, 79 *Ga.* 782 (2) (4 S. E. 381); *Hill* v. *Callahan*, 82 *Ga.* 109 (2) (8 S. E. 730); *Ingram* v. *Hilton*, 108 *Ga.* 194 (6) (33 S. E. 961); *Glaze* v. *Mills*, 119 *Ga.* 261 (46 S. E. 99); *So. Cotton Oil Co.* v. *Skipper*, 125 *Ga.* 368 (12) (54 S. E. 110); *Lamon* v. *Perry*, 33 *Ga. App.* 248 (4) (125 S. E. 907); *Sarman* v. *Seaboard Air-Line Ry. Co.*, 33 *Ga. App.* 315 (6) (125 S. E. 891).

2. A complete, accurate, and pertinent instruction is not erroneous because the court failed to give in the same connection some other pertinent legal proposition. Hence, in the trial of an action for damages to the plaintiff's automobile, caused by an impact between that vehicle and another automobile approaching it from the rear, a charge of the statute requiring each automobile in use upon the public highways at night to have exhibited a red light on the rear was not erroneous because the court failed to instruct the jury in connection therewith that the plaintiff's negligence in not displaying such light would not defeat a recovery unless such violation of the statute by him was the proximate cause of his damage. Nor was the charge as given subject to exception as conveying the impression that the plaintiff, if guilty of such default, should not recover even though his failure to comply with the statute may not have caused or contributed to his injury. *Hicks* v. *State*, 146 *Ga.* 221 (6) (91 S. E. 57); *Peeples* v. *Rudulph*, 153 *Ga.* 17 (2) (111 S. E. 548); *Rome Ry. & Light Co.* v. *King*, 33 *Ga. App.* 383 (3) (126 S. E. 294).

3. An assignment of error that the court nowhere charged the jury that the plaintiff could recover even if the plaintiff was negligent, unless the plaintiff's negligence was the proximate or contributing cause of his own injury or damage, is not good because such instruction, had it been given, would have amounted to an expression of opinion that the defendant was negligent, and that the plaintiff could recover for the defendant's negligence irrespective of whether that negligence was the proximate cause of the plaintiff's damage.

4. The general grounds of the motion for new trial are not insisted upon. There is no merit in any of the special grounds. The court did not err in overruling the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 15, 1927.

Attachment; from city court of Decatur—Judge Guess. March 1, 1927.

*Pool & Fraser,* for plaintiff. *Carl T. Hudgins,* for defendant.