## GEORGIA POWER COMPANY v. HOLMES.

No. 8909.   AUGUST 26, 1932.

*B. J. Fowler, Colquilt, Parker, Troutman & Arkwright,* and *Harllee Branch Jr.,* for plaintiff in error.

*Hallie B. Bell* and *Julian F. Urquhart,* contra.

McLaughlin, J. The case at bar is before this court upon a certiorari granted to review a decision rendered by the Court of Appeals. We are confronted with the question, upon a review of the record and the decision rendered by the Court of Appeals in the case herein referred to, as to whether or not the decision rendered therein, reversing the judgment of the trial court in case number 21508, sets out and enunciates a correct principle of law on the degree of plaintiff's negligence in a suit for personal injury, and to the proximate connection of the plaintiff's negligence with the plaintiff's injury—contributory negligence, and known to our practice as comparative negligence. The trial court charged the jury upon the trial thereof as follows: "If you believe from the evidence in this case that the plaintiff, that is Mrs. Holmes, did not use ordinary care and diligence, then in that event I charge you that she would not be entitled to recover." The jury found the issue in favor of the defendant in the court below, the plaintiff in certiorari in this court; and upon a review of the case the Court of Appeals reversed the judgment of the trial court, assigning error in its judgment of reversal in that the trial court erred in not charging the jury on the doctrine of comparative negligence.

The judgment of reversal, and the third headnote thereof in the decision of the Court of Appeals, is as follows: "Where, in a suit to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, the evidence presents an issue of fact as to whether the plaintiff was injured by the negligence of the defendant, the failure of the plaintiff to use ordinary care and diligence to prevent the injury,—which is negligence,—does not, without reference to the degree of the plaintiff's negligence or to the proximate connection of the plaintiff's negligence with the plaintiff's injury, bar a recovery. The court therefore erred in charging the jury, that if they believed, from the evidence, that the plaintiff did not use ordinary care and diligence, she would not be entitled to recover." That decision cited, in support of this principle, the cases of *Thomas* v. *Gainesville & Dahlonega Electric Railway Co.,* 124 *Ga.* 748 (52 S. E. 801), and *Lime-Cola Bottling Co.* v. *Atlanta & West Point Railroad Co.,* 34 *Ga. App.* 103 (2) (128 S. E. 226).

This was a suit for damages, the plaintiff claiming that she was injured and damaged by being thrown from the defendant company's street-car, while she was in the act of alighting therefrom as a passenger, by the sudden movement of the car, which was in charge of a motorman, and that without warning, as she claims, the motorman suddenly started the car before she had ceased to be a passenger and cleared the step, and that his negligence in thus moving the car, or causing the car to suddenly move, threw her to the ground and she was injured as the result therefrom, and asks for damages in the sum of $12,000.

The rule of law applicable to the instant case is thus codified:

"§ 2781. No person shall recover damages from a railroad company for injury to himself, or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him."

"§ 4426. If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained."

While these two sections are not identical and should not be confused, the one active and the other passive, however it will be observed that both require the use of "ordinary care." Also, in section 4426 this principle is established: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." In the case of *Louisville & Nashville Railroad Co.* v. *Dunn,* 21 *Ga. App.* 379 (3) (94 S. E. 661), this principle was announced: "In a suit brought by an employee of a common carrier by railroad against the company, for personal injuries, he can not recover if his injuries were caused by his own carelessness amounting to a failure to exercise ordinary care; or if by the exercise of ordinary care he could have avoided the consequences of the defendant's negligence." The principle of law just referred to has been and is a well-recognized principle of law. Section 2781 provides also that no recovery can be had where an injury has been occasioned by the plaintiff's own negligence (lack of ordinary care); while section 4426 forbids

a recovery where the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence.

It will be observed that in the instant case the plaintiff alleged in her petition that she was in the exercise of ordinary care at the time of the accident, which is tantamount to saying that she was without fault; and the defendant's answer denied this allegation. By reference to the record as made by the testimony upon the trial it will be noted that the doctrine of comparative negligence was not involved. Neither was the question of the different degrees of negligence—contributory or comparative negligence—raised in the pleadings.

In *Juhan* v. *Roberts,* 37 *Ga. App.* 310 (140 S. E. 46), Judge Bell, speaking for the court, said: "Where the plaintiff in an action for negligence seeks to recover the full amount of his damage, without any deduction because of contributory negligence on his part, and where the jury find generally in favor of the defendant, it is not cause for a new trial, on motion of the plaintiff, that the court failed, without request, to instruct the jury upon the law in regard to comparative negligence. This is true although an issue of comparative negligence may have been involved under the evidence, and although the defendant may have filed a cross-action denying all negligence by himself and claiming damages of the plaintiff because of alleged negligence of the latter in the same transaction." There was no timely written request made to the trial court to charge the law of comparative negligence upon the trial of the case in the court below. The principle just quoted is supported by almost unanimous authority from the Court of Appeals and the Supreme Court, and an unbroken line of decisions to the effect that in the absence of a timely written request it is not error to fail to charge the law of comparative negligence. *Powell* v. *Berry,* 145 *Ga.* 696 (5) (89 S. E. 753, L. R. A. 1917A, 306); *Pierce* v. *Atlanta Cotton Mills,* 79 *Ga.* 782 (2) (4 S. E. 381); *Hill* v. *Callahan,* 82 *Ga.* 109 (2) (8 S. E. 730); *Ingram* v. *Hilton &c. Co.,* 108 *Ga.* 194 (6) (33 S. E. 961); *Glaze* v. *Josephine Mills,* 119 *Ga.* 261 (46 S. E. 99); *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368, 370 (54 S. E. 110); *Lamon* v. *Perry,* 33 *Ga. App.* 248 (4) (125 S. E. 907); *Sarmon* v. *Seaboard Air-Line Railway Co.,* 33 *Ga. App.* 315 (125 S. E. 891); *Tucker* v. *Central Railway Co.,* 122 *Ga.* 387, 392 (50 S. E. 128).

The writer is constrained to believe that upon the pleadings and the facts in the instant case developed upon the trial of the case in the court below, it would hardly have been legally appropriate for the judge to charge the doctrine of comparative negligence, even had there been a timely written request. The legal position herein is not antagonistic to but is reconcilable with the numerous authorities cited by the learned counsel for the defendant in certiorari, all of the authorities therein cited having been examined. We have also carefully reviewed the decisions cited by the learned Justice rendering the opinion in the Court of Appeals, and which are set forth in support of the principle announced in the third headnote; and we most respectfully differ with the distinguished jurist in that the authorities support the position he announces in the third headnote. We are of the opinion that the trial court, in charging, "If you believe from the evidence in this case that the plaintiff, that is Mrs. Holmes, did not use ordinary care and diligence, then in that event I charge you that she would not be entitled to recover," announced a sound principle of law applicable to the conduct of the plaintiff, and, in the absence of a timely written request, did not err in failing to charge as to the degree of plaintiff's negligence or the proximate connection of the plaintiff's negligence with the plaintiff's injury. The doctrine of comparative negligence, as before recited, was not invoked by a timely written request, and therefore the failure to so charge was not error.

Therefore, upon a construction of the Code sections herein referred and the line of decisions of this court, we must respectfully disagree with the Court of Appeals in its decision as stated in the third headnote of the same. The judgment as rendered by the Court of Appeals in said case is reversed. The motion of the defendant in certiorari to dismiss the same is hereby overruled.

*Judgment reversed. Beck, P. J., and Daniel, Graham, Searcy, and Stark, JJ., concur.*