## 28260.   COBLE *v.* GEORGIA MOTOR EXPRESS INC.

Decided April 25, 1940.

*Talmadge, Fraser & Camp,* for plaintiff.

*Brandon, Hynds & Tindall, William A. Mitchell Jr.,* for defendant.

Felton, J. Mrs. C. P. Coble Jr. sued Georgia Motor Express Inc., for the homicide of her husband, alleged to have been caused by the exclusively negligent driving of a truck by an agent of the defendant, as a result of which it collided with the automobile in which the deceased was riding. The defendant denied guilt of any negligence, and charged that the injury was due solely to the negligence of the deceased. The jury found for the defendant, and the plaintiff excepted to the overruling of her motion for new trial. The only assignments of error argued are those excepting to the charges of the court.

1.   There was an exception to the following charge: "Now, by a preponderance of the evidence which it is required under the law to satisfy your minds is meant the greater weight of the evidence, and the law defines it as being that superior weight of the evidence upon the issues involved which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other. The law makes you, gentlemen, the exclusive judges of the credibility of the witnesses; and this being true, you have the right to take into consideration their manner and deportment as they were examined upon the witness-stand in your presence, the fact of their being parties or the absence of such fact, the interest they have in the suit or its results or the absence of such interest, their relationship to the parties or the absence of such relationship, the opportunity they had of knowing the facts to which they testified,

the probability of the facts to which they testified, and the reasonableness or unreasonableness of their evidence in your opinion. You may also take into consideration the nature of the facts to which they testified. You may also consider the personal credibility of the witnesses, gentlemen, as it may legitimately appear to you as they were examined before you on the witness-stand, and their intelligence or lack of intelligence in so far as that appears to you from their appearance on the stand. You may also consider the number of witnesses testifying to any particular fact, but the preponderance of the evidence, gentlemen, does not rest with the greater number of witnesses." The exception is that it was misleading and confusing, in that it charged the jury on the question of preponderance of evidence, and then followed with a charge on the credibility of witnesses, and then with a recharge on the preponderance of evidence. We see no reason why this charge was misleading or confusing.

2. The following charge was excepted to: "Now, gentlemen, as to all of the acts and omissions as charged by the plaintiff and against the defendant as being negligence, I charge you that unless the negligent acts contributed to and caused the injury they would not be considered by you in this case; for the only negligence, if there was such negligence as that would be considered by you, would be such negligence as you may believe from the evidence to have been the proximate cause of the injury of the deceased," on the ground that it was misleading and confusing, and by the language "unless the negligent acts contributed to and caused the injury" the court placed a greater burden on the plaintiff than the law required. There was no error in the charge for any reason assigned. It might have been erroneous if the action had been on the theory that the combined negligence of two tort-feasors had caused the injury; but in this case, under the pleadings and the evidence, the defendant's truck-driver caused the injury or the deceased caused it, and the judge correctly charged that the defendant's negligence must have contributed to and caused the injury. The defendant would not have been liable if its negligence had not caused the injury (*Central of Georgia Ry. Co.* v. *Edwards,* 111 *Ga.* 528, 36 S. E. 810) ; and if its negligence did not contribute to the injury, it could not possibly have caused it. *Vinson* v. *Willingham Cotton Mills,* 2 *Ga. App.* 53 (4) (58 S. E. 413).

3. The following charge was excepted to: "And if you determine that the defendant was not violating any of the laws, you would disregard the charge on that subject to which I am about to call to your attention. On the other hand, if you find that the defendant was negligent and violating any of the laws, that would be negligence per se on the part of the defendant; that is, gentlemen, it would be negligence because it was in violation of the law. Our law, as it existed at the time of this alleged occurrence was that no automobile should be driven along the highways of the State of Georgia at a greater rate of speed than 40 miles per hour. And the law further provided that an operator meeting another vehicle coming from the opposite direction on a State Highway, shall turn to the right of the center of the road so as to pass without interference. Our law further provides that an operator shall reduce speed at crossings, intersections, bridges, and sharp curves. It further provides that when any operator shall meet another vehicle traveling in the opposite direction, the operator shall turn his vehicle to the right so as to give one half of the traveled roadway, if practicable, and a fair opportunity to the other to pass without unnecessary interference. So, gentlemen, you will determine whether or not there was negligence; and if you reach the conclusion that the defendant was not negligent, that would be an end to your investigation and you would stop and return a verdict for the defendant. If you find that the defendant was not negligent in any of the particulars charged in the pleadings and the amendment, you would stop and return a verdict for the defendant, for there would be no liability." The exception is that it was confusing and misleading, and that the court should have instructed the jury that a violation of the law would be negligence per se. We are unable to see how the charge could have been confusing to the jury. The court charged that a violation of the law would be negligence per se.

4. Error is assigned on the failure of the court to give in charge the following principle of law: "Where there is negligence by both parties, which is concurrent and contributes to the injuries sued for, recovery by the plaintiff is not barred; but his damages shall be diminished by an amount proportionate to the amount of fault attributed to him, provided that his fault is less than the defendant's, and that by the exercise of ordinary care he could not have

avoided the consequences of the defendant's negligence." The principle as quoted from the motion for new trial is not fully stated, in that it omits the rule that the plaintiff could not recover if the proximate cause of the injury was due to his own negligence. However, treating the exception as if the principle were fully stated, the failure to give the principle in charge was not harmful to the plaintiff, and the charge as a whole was more beneficial to the plaintiff than it would have been if it had included the principle contended for. The court charged the jury as follows: "Gentlemen, I further charge you that if you believe the driver of the defendant's truck was negligent to some extent, and you also believe that C. P. Coble Jr. was negligent to an equal or greater extent, the plaintiff could not recover in this case; and under these circumstances, it would be your duty to find a verdict in favor of the defendants. I charge you, gentlemen, that if the defendant was negligent in some one or more or all of the respects and particulars named by the plaintiff in her petition, and if you believe that as a result of such negligence, that is, if you believe such negligence existed, and you further believe that the deceased was not guilty of such negligence as under these instructions that I am giving you would bar a recovery, then I charge you . . that the plaintiff would be entitled to recover in this case." It will be observed that the charge as given authorized a full recovery by the plaintiff in the event the jury found that the plaintiff's negligence was less than the defendant's, which rendered the charge more beneficial to the plaintiff than to the defendant. Furthermore, neither the evidence nor the pleadings authorized the charge contended for. The plaintiff contended that the injury was due to the defendant's negligence, and the defendant contended that it was due to the plaintiff's negligence. For these reasons the failure to give the instruction contended for was not error, especially since there was no request therefor. *Cavanaugh* v. *Biggin,* 9 *Ga. App.* 466 (2) (71 S. E. 779), and cit.; *Tucker* v. *Central of Georgia Ry. Co.,* 122 *Ga.* 387 (50 S. E. 128) ; *Georgia Power Co.* v. *Holmes,* 175 *Ga.* 487 (165 S. E. 284), and cit.

5. The last exception is that the court erred in charging the jury a part of the law as set forth in the Code, § 105-603, as follows: "I charge you further, that if C. P. Coble Jr., by the exercise of ordinary care, could have avoided the consequences of the negli-

gence of the defendant, if you find that the defendant was negligent, after it became known to him, or in the exercise of ordinary care he should have known about it, then the plaintiff in this case can not recover, and it would be your duty to find a verdict in favor of the defendant," without also charging that "in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injuries sustained." There is no merit in this ground, for the reason that the court charged the jury the principle of law which it is contended was not contained in the charge, as follows: "I charge you, gentlemen, that if the defendant was negligent in some one or more or all of the respects and particulars named by the plaintiff in her petition, and if you believe that as a result of such negligence, that is, if you believe that such negligence existed, and you further believe that the deceased was not guilty of such negligence as under these instructions that I am giving you, would bar a recovery, then I charge you, . . that the plaintiff would be entitled to recover in this case." The court also charged the jury that the plaintiff could not recover if the deceased could have avoided the defendant's negligence by the exercise of ordinary care, and that if the deceased was equally as negligent as the defendant, or more negligent, the plaintiff could not recover. These charges clearly authorized a finding for the plaintiff if the deceased could not have avoided the injury by the exercise of ordinary care, and was not as negligent as the defendant or more negligent than the defendant.

6. The assignments of error on the general grounds are without merit, the verdict being authorized by the evidence. It was not error to overrule the motion for new trial.

*Judgment affirmed.  Stephens, P. J., and Sutton, J., concur.*