## PIERCE *vs.* THE ATLANTA COTTON MILLS.

1. Where suit was brought against a cotton factory company by one of its employés, to recover for an injury occasioned to the eye of the plaintiff by a shuttle, and it was alleged that the guard of the shuttle was defective, being an unsafe character of guard, and where the testimony was conflicting as to the safety of the guard, some witnesses testifying that no guard was about as safe as a guard, and others testifying that a guard of the character used was as good as one of a different character, there was no error in charging the jury as follows: "If you believe from the evidence that two kinds of shuttle-guards were in general use on looms, and that ordinarily skillful people using the two kinds were divided in opinion and in their experience with them as to which was the safer, and you further believe that, in the use of ordinary and reasonable care and diligence, the defendant could have selected either of the guards for its looms, then the defendant would not be liable for damages caused by the use of such guards on its looms."

2. Where the declaration alleged that the plaintiff was without fault, and she did not claim damages for contributory negligence in the court below or in this court, but claimed full damages, and did not insist before this court that she was entitled to damages if she contributed to the injury, there was no error in the charge that a servant, to recover of a master on account of negligence, must herself be without fault, and if the plaintiff in this case was herself negligent in any degree, contributing to the occasioning of the injury, she could not recover, even though the defendant may have been negligent.

3. There was no error in charging that, "if the plaintiff could, by the exercise of ordinary care and diligence on her part, have avoided the injury, she cannot recover, notwithstanding the defendant's negligence, if any."

4. The verdict in this case was right; the charge of the court was right; and there was no error in overruling the motion for a new trial.

October 5, 1887.

Negligence. Master and Servant. Damages. Before Judge VAN EPPS. City Court of Atlanta. March Term, 1887.

Reported in the decision.

R. B. TRIPPE; MORRIS BRANDON, for plaintiff in error.

HOPKINS & GLENN, for defendant.

BLANDFORD, Justice.

The plaintiff in error brought her action for damages against the defendant in error, to recover damages sustained by reason of a defect in the guard which protected the weaver's shuttle in its operation, alleging that she lost her eye in consequence of the defective guard. The guard did not cover or run entirely along the line of the shuttle, but had a section in the middle which was open. A great deal of evidence was submitted by the parties as to whether that was a proper guard. The witnesses differed, some agreeing that no guard would be about as safe as a guard, and some contending that one guard was as good as another, and so on. A verdict was had for the defendant, and the plaintiff moved the court for a new trial on various grounds, which was refused.

1. The exceptions are made mainly to the instructions of the court to the jury which are embraced in the motion for new trial. The first charge complained of is this : " If you believe from the evidence that two kinds of shuttle-guards were in general use on looms, and that ordinarily skillful people using the two kinds were divided in opinion and in their experience with them as to which was the safer, and you further believe that, in the use of ordinary and reasonable care and diligence, the defendant could have selected either of the guards for its looms, then the defendant would not be liable for damages caused by its use of such guards on its looms." It is alleged that this

charge is error, because it is an expression of opinion by the court on the facts of the case, and is a conclusion of fact and not of law. We are of opinion that this is a correct charge. It simply means that if the defendant used all ordinary and reasonable care and diligence in the selection of guards, it is not liable for damage which may have resulted from the use of the guards; and we see no expression of opinion from the court on the facts of the case, and no conclusion of fact by the court. It was left fairly to the jury to say whether the shuttle-guards which were used by the defendant were in general use, and whether ordinarily skillful people used two kinds of guards, one that ran all the way and one with an open section in it, and were divided in opinion and experience as to which was the safer.

What could the factory have done more in the selection of these guards? If those who own a factory select its machinery with all ordinary care and diligence, and use such machinery as is ordinarily safe, in the experience of people who use such machinery, or machinery as safe as any other of its kind, there being danger in all machinery, it is not possible that the factory could be held liable for any damage that might have resulted by reason of any defect in the machinery.

2. Another charge complained of is the following: "It is a principle of law that a servant, to recover of a master on account of negligence, must himself be without fault. If the plaintiff was herself negligent in any degree, contributing to the occasioning of the injury sustained by her, she cannot recover, even though the defendant was negligent." It is alleged that this was error because he charged the law as contained in section 3036 of the code, and that he ought to have charged instead the rule laid down in section 2972. Where the declaration alleges that the plaintiff was without fault, and she did not claim damages for contributory negligence in the court below nor in this court, it is a rule that there can be no dispute about that,

if a party complaining of an injury of this kind, not an injury caused by a railroad company, could have avoided the injury, or if the party by his own negligence contributed to the injury, no recovery can be had for full damages. That is fundamental, universal, and there is no exception to it that we know of, except in the case of railroad companies, arising from the running of engines, cars, etc. So we think there is no error in that charge, inasmuch as the plaintiff claimed full damages, and did not insist before us that she was entitled to damages if she contributed to the injury, and did not rely on section 2972.

3. Another charge complained of is the following : " It is also a principle of law that if the plaintiff could, by the exercise of ordinary care and diligence on her part, have avoided the injury, she cannot recover, notwithstanding the defendant's negligence, if any." That means very much the same thing as the charge which precedes it. We see no error in that.

4. There are other assignments of error, in that the verdict of the jury was contrary to the charge of the court, the meaning of which is that the verdict of the jury was contrary to law. We think that, under the evidence in this case, the verdict was right, and that the charge of the court was right; and that therefore the court did right to overrule the motion for new trial.

Judgment affirmed.