### Jones *v.* City of Atlanta.

Fish, C. J. 1. A petition seeking to recover damages against the City of Atlanta alleged, among other things, the following: The city widened and graded one of its streets, cutting from the lot whereon the plaintiff resided a strip about six feet wide, and lowering the grade in front of it about four feet, so as to leave no means of ingress and egress to and from that side of the lot. Lying between the lot whereon the plaintiff resided and that of her next neighbor was an alley. In widening the street the city excavated the alley and made steps for her to enter her back yard so as to reach her house, that being the only means of exit or entrance constructed by the city for her use in reaching her home. When the city widened the street there was a fence separating the alley from the plaintiff's lot, and at the time of widening the street the city cut off about fourteen feet of the fence "in one compact mass," and so placed it as to lean up against the remainder of the fence on the side nearest plaintiff's home in an almost perpendicular position—at an angle of about ten degrees,—without being secured in any way; and in this position the city allowed it to remain for about two weeks. While plaintiff was passing along the alley, going from her home to the street, the part of the fence thus placed and left standing by the city fell upon and injured her. *Held:*

(*a*) The petition was not subject to general demurrer.

(*b*) The acts complained of were alleged to be those of the city, and it can not be held as matter of law that the grading and widening of its streets are ultra vires acts of the City of Atlanta.

(*c*) If in the exercise of the corporate powers of the municipality, in widening and changing the grade of one of its streets, the city through its

agents and employees acts so negligently as to cause personal injury to one who lives upon a lot abutting on the street being improved, and who is lawfully passing to and from such lot, a cause of action arises to such injured person.

(d) This is not an action for damages to property arising from a trespass thereon by servants or employees of a city, committed during the progress of the work done in effecting the grade of the street or wholly disconnected therewith, as was held to be the case in *Roughton* v. *City of Atlanta*, 113 *Ga.* 948 (39 S. E. 316). Where one's property is taken or damaged for public use by a municipal corporation in widening or grading one of its streets, he may have a right of action arising from the negligent manner in which the street is widened or graded.

2. To the petition described in the preceding headnote an amendment was offered, in substance, as follows: The defendant is vested by law with authority over its streets and alleys under its charter, and is charged by law with a duty to prevent injuries arising from the unsafe condition of its streets, caused by itself or other persons. The city through its construction department surveyed and laid off the street running in front of the lot whereon plaintiff resided, and requested, permitted, and directed "the Fulton county chain-gang, by and through the commissioners of Fulton county," to excavate, dig, and widen that street or avenue, which was done in accordance with a resolution passed by the city council and under the supervision of and in accordance with the plans and survey of the city and for its benefit. A portion of the fence which was taken down and placed, as set out in the petition above described, projected out and on to the western edge of the sidewalk nearest the alley, and the city allowed it to thus remain for about two weeks, without placing about it any barrier, fence, rope, or notice or warning of its dangerous condition, and without notifying the plaintiff of any danger; and as plaintiff was passing along the alley, going from her home to the street, that part of the fence left leaning, as aforesaid, fell against her just as she had reached and was upon the west sidewalk of the street. *Held:*

(a) This did not add a new cause of action to the original petition.

(b) The original petition having alleged that the fence was taken up by the city in the progress of work upon the street and was so placed as to lean against that part which was left standing, the allegation that it was so placed as to project over a part of the sidewalk and left thus standing did not add a new cause of action.

(c) The original petition having alleged that the acts described were done by the city, an amendment which alleged that the city, being invested with authority over its streets and alleys and being charged with the duty of keeping them in a safe condition, and to prevent injury from a failure so to do arising from the conduct of itself or others, requested, permitted, and directed the work to be done by others under its supervision and in accordance with its plans and surveys and for the benefit of the city (though such other persons were the county commissioners causing the work directly to be done by convicts), this did not constitute a separate and distinct cause of action. In the petition the allegation was that the city did the work. The amendment was to the

effect that the city caused it to be done by others under its direction and supervision. *Mayor etc. of Savannah* v. *Waldner*, 49 *Ga.* 316.

(*d*) Nor did the allegation in the amendment, that a portion of the fence removed by the city was left projecting partly on the sidewalk, and fell on or against the plaintiff just as she "had reached and was upon the west sidewalk" of the street, constitute a new cause of action, in view of the allegations of the original petition.

*Judgment reversed. All the Justices concur.*
JULY 22, 1914.

Action for damages. Before Judge Pendleton. Fulton superior court. March 27, 1913.

*Hewlett & Dennis*, for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.*, for defendant.