33216. KENIMER *v.* STATE OF GEORGIA, *ex rel.* WEBB, Solicitor-General.

DECIDED JANUARY 27, 1951. REHEARING DENIED FEBRUARY 9, 1951.

*Harris, Chance & McCracken, Camp & Camp, Lindsay, Dorsey & Hall*, for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall*, contra.

WORRILL, J. The Solicitor-General of the Atlanta Judicial Circuit, acting for and in behalf of the State of Georgia, on October 10, 1949, filed a citation for contempt of court against Charles M. Kenimer Jr. A judge of the Superior Court of the Atlanta Judicial Circuit, on October 10, 1949, issued his order

and rule nisi on said citation; and on October 21, 1949, the defendant filed his answer to said citation and rule, and on October 21 and 22, 1949, the said case came on for trial before the said judge. On November 15, 1949, the judge entered judgment against the defendant finding him guilty and in contempt of court on each of 238 counts, and ordered that he be punished by imprisonment in the common jail of the county 5 days on each count and that he pay a fine of $50 on each count, the period of imprisonment to be served consecutively, beginning with 5 days on the first count and 5 days each consecutively for 237 periods thereafter, and requiring that the defendant pay 238 fines of $50 each. The judgment for contempt of court was for violation of a previous order of the court relative to defendant's child, involving its custody. The court concluded that each day constituted a separate and distinct offense of contempt and found the defendant in effect guilty of 238 contempts, and provided that the sentences run consecutively by confinement in jail. The petition, upon which a rule nisi issued for the defendant to show cause why he should not be adjudged in contempt of court was demurred to, was overruled, and was not excepted to. The defendant excepted to the said judgment of the trial court, and when the case was here before this court held that the rulings of the trial court on the demurrers became the law of the case, whether correct or not, because it was unexcepted to, and the judgments of the court were affirmed in part and reversed in part with direction. The court directed that the sentence imposed on November 15, 1949, be set aside and without hearing further evidence that the defendant be resentenced not inconsistently with the opinion. The court set the judgment aside on the grounds that it was in contravention of Article I, Section 1, Paragraph IX of the State Constitution (Code of 1933, § 2-109) in that the punishment was cruel, unusual, and excessive. The trial court resentenced the defendant May 31, 1950, and in this judgment imposed a jail sentence of 2 days each on the 238 counts and a fine of $20 on each of said counts, making a jail sentence of 1 year, 3 months, and 21 days, and a fine of $4,760. The defendant excepted to that judgment and the case is here on those exceptions.

The plaintiff in error contends that the sentence excepted

to is in contravention of Article I, Section 1, Paragraph IX of the State Constitution for the same reason that the previous sentence was in conflict with the Constitution. The defendant in error contends that the Superior Court of the Atlanta Judicial Circuit is a constitutional court, that it has an "inherent power to define contempts, especially criminal contempts," and that "the right to define contempts can not be abridged or taken away by legislative action," etc. The only question now before the court for determination is whether or not the order of May 31, 1950, sentencing the defendant to confinement in jail for 1 year, 3 months and 21 days and to pay a fine of $4,760 is in violation of the portion of Article I, Section 1, Paragraph IX of the State Constitution, which provides that cruel and unusual and excessive sentences are prohibited. When this case was here the first time before this court, the judgments of the trial court were affirmed in part and reversed in part with direction as appears in its decision of *Kenimer v. State of Georgia*, 81 *Ga. App.* 437 (59 S. E. 2d, 296), and on pages 446 and 447 this court held: "7. We now come to the most difficult questions in the case, whether the punishment inflicted is an abuse of judicial discretion and so cruel and unusual as to contravene Article I, Section 1, Paragraph IX of the State Constitution. While it may seem somewhat illogical to say that even if the punishment meted out on each individual count is legal and proper the sum total is excessive, cruel and unusual, the cumulative result and effects of the judgment can not be avoided by dividing it into pieces. The court rendered but one judgment and knew what the effect of that judgment would be, a fine of $11,900 and confinement in jail for over three years. It may be logical, or at least more nearly logical, to say that the sentence on each individual count was excessive under the circumstances, when their cumulative effect is taken into consideration. We think that the sentence is contrary to the spirit of the law of this State and against its policy. The law limits the punishment for a single contempt to the maximum of $200 and twenty days in jail, no matter how malicious, how flagrant, and how iniquitous the act of contempt might be. If the respondent had been caught at the State line the first day his punishment could not have exceeded a fine of $200 and confinement in jail for

twenty days, despite the fact that he had the same overall design and purpose as he would have had if he had succeeded in his purpose and defied the court two hundred and thirty-seven more days. The sentence in this case seems to include multiple and cumulative punishment for a single design. We do not say that the judge was in error because he imposed sentence for each technical violation of the court's order, under the law of the case, but we do think that the punishment was excessive in its entirety. Another reason why the sentence is contrary to the spirit of the law of contempt and the law against cruel and unusual punishments, is that the sentence to long confinement in jail is so exceptional. To say that it is unusual is to put it mildly. Jails are primarily places of confinement and not places or methods of punishment except in a few cases, misdemeanor cases and contempt cases and possibly others, but it is seldom that in misdemeanor cases a criminal is required to serve more than six months in jail even under sentences involving more than one misdemeanor. Such a long term in jail will inevitably tend to impair the health of the respondent. While we agree that the respondent should suffer some punishment we do not think that the very law which he is being tried for flouting and trampling under his feet should be so oppressive and cruel in its dealing with him as to tend to make it unworthy of the respect which the respondent is charged with abusing. We intend no criticism of the trial judge whose error on such a novel question was actuated by a high devotion to the courts and laws which have been so lightly treated by the respondent. In such a case as this the plane of observation is sometimes the difference between justice and error. We dare say that if our point of observation were reversed with that of the trial judge and he reviewed the same sentence our too-close-up view would be revised by him."

Criminal and civil contempts are distinguishable, but sometimes it is hard to separate one from the other, and in some cases both elements are involved. The provision of punishment for civil contempt seeks to force obedience to the court's order. The provision of punishment for criminal contempt constitutes basis of punishment involving fines, imprisonment or both. Wilful contempt of court generally authorizes punishment

by both fine and imprisonment, but not excessive nor unusual, and entirely just and reasonable. We do not agree with the contention of the defendant in error, for we think that the sentence imposed in this case is excessive, unusual, and cruel. The tenor of our decision when the case was here before is that while under the law of the case the trial court was authorized to hold the defendant guilty of 238 separate contempts, they are all nevertheless based on only one culpable intent. Accordingly, there was one contempt coupled with that culpable intent, and 237 other technical violations. We therefore hold that all of the sentence of the trial court here excepted to over and above the maximum fixed for the first offense, and in addition thereto amounts of imprisonment and fines for each of the remaining 237 technical violations totaling the equivalent of one other maximum offense is an abuse of judicial discretion and so cruel and unusual as to contravene Article I, Section 1, Paragraph IX of the State Constitution.

The judgment of the trial court is affirmed on condition that upon the receipt of the remittitur from this court in the trial court, the trial court amend the judgment here excepted to so as to delete from the sentence all imprisonment over and above 40 days in jail and all of the fines over and above the sum of $400; otherwise, said judgment is reversed.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. Laws 1945, p. 232).

*Judgment affirmed on condition. Felton, Gardner and Townsend, JJ., concur. Sutton, C. J. and MacIntyre, P. J., dissent.*

SUTTON, C. J., dissenting. I am of the opinion that the judge of the superior court, under the record in this case and the law applicable in such proceeding, had the authority to impose upon the defendant the sentence now excepted to. I dissent from the present ruling and judgment of the majority of the court in this case for the reasons stated in my dissenting opinion when the case was formerly here. See 81 *Ga. App.* 448.

MacINTYRE, P. J., dissenting. I dissent from the ruling made by the majority in this case, which is its second appearance in this court, for the reasons given in my dissent when the case was first here (*Kenimer* v. *State,* supra) ; and for the additional reason that under the state of the record this court is powerless

to direct what punishment shall be imposed. See *McCullough v. State*, 11 *Ga. App.* 612 (6), 618 (76 S. E. 393). Attention is especially called to the fact that the penalty is left by the statute to the discretion of the trial judge, and the penalty here does not exceed the limits prescribed by such statute, and the statute is not attacked as being unconstitutional. See *Whitten v. State of Georgia*, 47 *Ga.* 298 (2).